| | |
|---|---|
| DENVER COUNTY DISTRICT COURT, DENVER COUNTY, COLORADO | DATE FILED: November 16, 2020 10:25 AM<br>FILING ID: C0A57CF49983A<br>CASE NUMBER: 2020CV33889 |
| Court Address:   1437 Bannock Street<br>Denver, Colorado 80202<br>Telephone: (303) 606-2425 | |
| **Plaintiff:**   **LUIS FONG CHANG**<br><br>v.<br><br>**Defendants:**   **JOSHNIK, LLLP; and,**<br>**STINKER STORES CO, INC.; and,**<br>**STINKER STORES, INC.** | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Corey A. Holton, Atty. Reg. No. 47440<br>Julia Barotz, Atty. Reg. No. 52615<br>BACHUS & SCHANKER, LLC<br>101 W. Colfax Ave., Suite 650<br>Denver, Colorado 80202<br>Phone:   303-893-9800<br>Fax:      303-893-9900<br>E-Mail:  corey.holton@coloradolaw.net<br>            julia.barotz@coloradolaw.net | Case Number:<br><br><br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Luis Fong Chang, by and through the undersigned attorneys of Bachus and Schanker, LLC, hereby submits a Civil Complaint and Jury Demand against Defendants Joshnik, LLP, Stinker Stores Co, Inc., and Stinker Stores, Inc. as follows:

## GENERAL ALLEGATIONS

1.      This matter arises from a December 3, 2019, slip and fall at Stinker Store #336 located at 1015 North Sheridan Boulevard, Lakewood, Jefferson County, Colorado (hereinafter "the Incident").

2.      At all times relevant to this action, Plaintiff was a resident of El Paso County, Colorado.

EXHIBIT A

3.      At all times relevant to this action, upon information and belief, Joshnik, LLLP is a Wyoming limited liability limited partnership, with a principal street address of 902 E. 2nd Street, Casper, Wyoming 802601.

4.      At all times relevant to this action, upon information and belief, Defendant Joshnik, LLLP was, and is, in good standing with the Colorado Secretary of State, and maintains a registered agent in the State of Colorado by the name of Charley Duane Jones, whose address is 12015 East 46th Avenue, Suite 130, Denver, Colorado 80239.

5.      At all times relevant to this action, upon information and belief Defendant Stinker Stores Co. Inc. is a Wyoming corporation, with a principal street address of 902 E. 2nd Street, Casper, Wyoming 802601.

6.      At all times relevant to this action, upon information and belief, Defendant Stinker Stores Co. Inc. was, and is, in good standing with the Colorado Secretary of State, and maintains a registered agent in the State of Colorado which is Corporation Service Company, and whose address is 1900 W. Littleton Blvd., Littleton, Colorado 80120.

7.      At all times relevant to this action, upon information and belief Defendant Stinker Stores, Inc. is an Idaho corporation, with a principal street address of 3184 Elder Street, Boise, Idaho 83702.

8.      At all times relevant to this action, upon information and belief, Defendant Stinker Stores Inc., was, and is, in good standing  with the Colorado Secretary of State, and maintains a registered agent in the State of Colorado which is Corporation Service Company, and whose address is 1900 W. Littleton Blvd., Littleton, Colorado 80120.

9.      Upon information and belief, at all times relevant to this action, Defendant Joshnik, LLLP, owns a parcel of real property located at 1015 North Sheridan Boulevard, Lakewood, Colorado

80214 (hereinafter "the Subject Property").

10.     Upon information and belief, at all times relevant, Defendant Joshnik, LLLP is the sole owner of the Subject Property.

11.     Upon information and belief, at all times relevant, there is a gas station located at the Subject Property. .

12.     Upon information and belief, at all times relevant, Defendant Stinker Stores Co. Inc. owns and/or operates a convenience store with gas pumps at the Subject Property.

13.     Upon information and belief, at all times relevant, Defendant Stinker Stores Inc. owns and/or operates a convenience store with gas pumps at the Subject Property.

14.     Venue in this county is proper pursuant to C.R.C.P. 98(c) since all defendants are out-of-state entities and Defendant Joshnik, LLLP can be served with process in Denver County, Colorado.

## **GENERAL FACTUAL ALLEGATIONS**

15.     The foregoing statements and allegations are incorporated herein.

16.     On December 3, 2019, at approximately 5:00 a.m. Plaintiff slipped and fell on accumulated snow and ice at pump #1 of the Subject Property (hereinafter "the Incident").

17.     Immediately prior to the Incident, upon information and belief, no precipitation was falling in the area of the Subject Property.

18.     Immediately prior to the Incident, upon information and belief, Plaintiff was pumping gas at pump #1 at the Subject Property.

19.     Immediately prior to the Incident, upon information and belief, while Plaintiff was pumping gas at the Subject Property, he began to wash his car windows, starting from the back of his vehicle on the passenger side.

20.     Immediately prior to the Incident, upon information and belief, the area where Plaintiff was walking at the Subject Property had not been cleared of snow and ice.

21.     Immediately prior to the Incident, upon information and belief, no snow or ice melt had been applied to the area where Plaintiff was walking at the Subject Property.

22.     Immediately prior to the Incident, upon information and belief, it was foreseeable that customers at the subject gas station would be walking in the area where Plaintiff slipped and fell.

23.     At the time of the Incident, upon information and belief, there was a snow removal contract in effect for a company to remove snow and ice from the paved areas around the gas pumps at the Subject Property.

24.     The Incident occurred as Plaintiff was walking towards the front of his vehicle that was parked at pump #1 at the Subject Property.

25.     As a result of his fall, Plaintiff suffered severe and permanent injuries, losses, and damages including, but not limited to, injury to his wrist.

## FACTUAL ALLEGATIONS RELATED TO DEFENDANT JOSHNIK, LLLP

26.     The foregoing statements and allegations are incorporated herein.

27.     Upon information and belief, at all times relevant to this action, and specifically on or about December 3, 2019, Defendant Joshnik, LLLP, was either the landowner, authorized agent, or entity in possession of the real property located at 1015 North Sheridan Boulevard, Lakewood, Colorado 80214, and was an entity legally responsible for the condition of the Subject Property and/or for activities conducted or circumstances existing on the Subject Property.

28.     Upon information and belief, at all times relevant to this action, Defendant Joshnik, LLLP owned and/or maintained control over and/or was responsible for the conditions of and

activities occurring on the Subject Property.

29.     On or about the aforementioned date, time and place, upon information and belief, Defendant Joshnik, LLLP was responsible for removing snow and ice from the common areas at the Subject Property, including the areas surrounding gas pump #1.

30.     On or about the aforementioned date, time and place, upon information and belief, Defendant Joshnik, LLLP was responsible for applying snow and/or ice melt to the common areas at the Subject Property, including the areas surrounding gas pump #1.

31.     Upon information and belief, at all times relevant to this action, and specifically at the time of the incident Defendant Joshnik, LLLP was responsible for dangerous conditions at the Subject Property.

32.     On or about the aforementioned date, time and place, upon information and belief, a dangerous condition existed at the Subject Property, namely the accumulated snow and ice at or near gas pump #1 located at the Subject Property.

33.     On or about the aforementioned date, time and place, upon information and belief, Defendant Joshnik, LLLP negligently and without due care failed to maintain in a safe condition the common area, specifically gas pump #1, at the Subject Property.

34.     On or about the aforementioned date, time and place, upon information and belief, Defendant Joshnik, LLLP negligently and without due care failed to remove and/or remediate the ice and/or snow in the common area at the Subject Property and specifically gas pump #1 at the Subject Property.

35.     On or about the aforementioned date, time and place, upon information and belief, Defendant Joshnik, LLLP negligently and without due care failed to warn Plaintiff of the ice and/or snow in the common are at the Subject Property and specifically gas pump #1 at the Subject Property.

36. On or about the aforementioned date, time and place, upon information and belief, when Plaintiff was washing the windows of his car while he pumped gas in the common area of the Subject Property, and specifically gas pump #1 at the Subject Property, Plaintiff immediately slipped on the ice and fell, thereby suffering severe injury.

37. Defendant Joshnik, LLLP's negligent and carless actions in failing to maintain in a safe condition the common area at the Subject Property, or warn Plaintiff of the dangerous condition(s) in the common area of the Subject Property, were a direct and proximate cause of Plaintiff slipping and falling as well as Plaintiff's injuries, harms, and losses sustained on or about the time, date, and place set forth above

38. On or about the aforementioned date, time and place, upon information and belief, Defendant Joshnik, LLLP had control over the condition of the common area at the Subject Property, including the paved areas around gas pump #1.

39. As a direct and proximate result of Defendant Joshnik, LLLP's negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff slipped and fell on or about the date and place set forth above.

40. As a direct and proximate result of Defendant Joshnik, LLLP's negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered injuries, losses, and damages.

41. As a direct and proximate result of Defendant Joshnik, LLLP's negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered economic and non-economic damages.

42. As a direct and proximate result of Defendant Joshnik, LLLP's negligent and careless

actions in failing to maintain in a safe condition the common area at the Subject Property, or warn Plaintiff of the dangerous conditions, Plaintiff has incurred past and future economic expenses, losses, and damages, including but not limited to: past and future medical expenses, loss of household service, and impairment of earning capacity

43.     As a direct and proximate result of Defendant Joshnik, LLLP's negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

44.     As a direct and proximate result of Defendant Joshnik, LLLP's negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered, and will continue to suffer, physical impairment and disfigurement.

45.     Plaintiff was not comparatively negligent in causing the dangerous condition(s), in causing himself to slip and fall, or in the resulting injuries, harms, and losses he sustained on or about the date and place set forth above.

46.     Plaintiff is entitled to interest on his compensatory damages as the legal rate pursuant to C.R.S. §13-21-101.

## FACTUAL ALLEGATIONS RELATED TO DEFENDANT STINKER STORES, CO. INC.

47.     The foregoing statements and allegations are incorporated herein.

48.     Upon information and belief, at all times relevant to this action, and specifically on or about December 3, 2019, Defendant Stinker Stores Co., Inc., was either the landowner, authorized

agent, or entity in possession of the real property located at 1015 North Sheridan Boulevard, Lakewood, Colorado 80214, and was an entity legally responsible for the condition of the Subject Property and/or for activities conducted or circumstances existing on the Subject Property.

49.     Upon information and belief, at all times relevant to this action, Defendant Stinker Stores Co., Inc. owned and/or maintained control over and/or was responsible for the conditions of and activities occurring on the Subject Property.

50.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores Co., Inc. was responsible for removing snow and ice from the common areas at the Subject Property, including the areas surrounding gas pump #1.

51.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores Co., Inc. was responsible for applying snow and/or ice melt to the common areas at the Subject Property, including the areas surrounding gas pump #1.

52.     Upon information and belief, at all times relevant to this action, and specifically at the time of the incident Defendant Stinker Stores Co., Inc. was responsible for dangerous conditions at the Subject Property.

53.     On or about the aforementioned date, time and place, upon information and belief, a dangerous condition existed at the Subject Property, namely the accumulated snow and ice at or near gas pump #1 located at the Subject Property.

54.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores Co., Inc. negligently and without due care failed to maintain in a safe condition the common area, specifically gas pump #1, at the Subject Property.

55.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores Co., Inc. negligently and without due care failed to remove and/or remediate

the ice and/or snow in the common area at the Subject Property and specifically gas pump #1 at the Subject Property.

56.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores Co., Inc. negligently and without due care failed to warn Plaintiff of the ice and/or snow in the common are at the Subject Property and specifically gas pump #1 at the Subject Property.

57.     On or about the aforementioned date, time and place, upon information and belief, when Plaintiff was washing the windows of his car while he pumped gas in the common area of the Subject Property, and specifically gas pump #1 at the Subject Property, Plaintiff immediately slipped on the ice and fell, thereby suffering severe injury.

58.     Defendant Stinker Stores Co., Inc.'s negligent and carless actions in failing to maintain in a safe condition the common area at the Subject Property, or warn Plaintiff of the dangerous condition(s) in the common area of the Subject Property, were a direct and proximate cause of Plaintiff slipping and falling as well as Plaintiff's injuries, harms, and losses sustained on or about the time, date, and place set forth above

59.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores Co., Inc. had control over the condition of the common area at the Subject Property, including the paved areas around gas pump #1.

60.     As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff slipped and fell on or about the date and place set forth above.

61.     As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s negligent and

careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered injuries, losses, and damages.

62.     As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered economic and non-economic damages.

63.     As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property, or warn Plaintiff of the dangerous conditions, Plaintiff has incurred past and future economic expenses, losses, and damages, including but not limited to: past and future medical expenses, loss of household service, and impairment of earning capacity

64.     As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

65.     As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered, and will continue to suffer, physical impairment and disfigurement.

66.     Plaintiff was not comparatively negligent in causing the dangerous condition(s), in causing himself to slip and fall, or in the resulting injuries, harms, and losses he sustained on or about the date and place set forth above.

67.     Plaintiff is entitled to interest on his compensatory damages as the legal rate pursuant to C.R.S. §13-21-101.

## FACTUAL ALLEGATIONS RELATED TO
## DEFENDANT STINKER STORES, INC.

68.     The foregoing statements and allegations are incorporated herein.

69.     Upon information and belief, at all times relevant to this action, and specifically on or about December 3, 2019, Defendant Stinker Stores, Inc., was either the landowner, authorized agent, or entity in possession of the real property located at 1015 North Sheridan Boulevard, Lakewood, Colorado 80214, and was an entity legally responsible for the condition of the Subject Property and/or for activities conducted or circumstances existing on the Subject Property.

70.     Upon information and belief, at all times relevant to this action, Defendant Stinker Stores, Inc. owned and/or maintained control over and/or was responsible for the conditions of and activities occurring on the Subject Property.

71.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores, Inc. was responsible for removing snow and ice from the common areas at the Subject Property, including the areas surrounding gas pump #1.

72.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores, Inc. was responsible for applying snow and/or ice melt to the common areas at the Subject Property, including the areas surrounding gas pump #1.

73.     Upon information and belief, at all times relevant to this action, and specifically at the time of the incident Defendant Stinker Stores, Inc. was responsible for dangerous conditions at the Subject Property.

74.     On or about the aforementioned date, time and place, upon information and belief, a dangerous condition existed at the Subject Property, namely the accumulated snow and ice at or near gas pump #1 located at the Subject Property.

75.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores, Inc. negligently and without due care failed to maintain in a safe condition the common area, specifically gas pump #1, at the Subject Property.

76.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores, Inc. negligently and without due care failed to remove and/or remediate the ice and/or snow in the common area at the Subject Property and specifically gas pump #1 at the Subject Property.

77.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores, Inc. negligently and without due care failed to warn Plaintiff of the ice and/or snow in the common are at the Subject Property and specifically gas pump #1 at the Subject Property.

78.     On or about the aforementioned date, time and place, upon information and belief, when Plaintiff was washing the windows of his car while he pumped gas in the common area of the Subject Property, and specifically gas pump #1 at the Subject Property, Plaintiff immediately slipped on the ice and fell, thereby suffering severe injury.

79.     Defendant Stinker Stores, Inc.'s negligent and carless actions in failing to maintain in a safe condition the common area at the Subject Property, or warn Plaintiff of the dangerous condition(s) in the common area of the Subject Property, were a direct and proximate cause of Plaintiff slipping and falling as well as Plaintiff's injuries, harms, and losses sustained on or about the time, date, and place set forth above

80.     On or about the aforementioned date, time and place, upon information and belief, Defendant Stinker Stores, Inc. had control over the condition of the common area at the Subject Property, including the paved areas around gas pump #1.

81.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff slipped and fell on or about the date and place set forth above.

82.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered injuries, losses, and damages.

83.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered economic and non-economic damages.

84.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property, or warn Plaintiff of the dangerous conditions, Plaintiff has incurred past and future economic expenses, losses, and damages, including but not limited to: past and future medical expenses, loss of household service, and impairment of earning capacity

85.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of

enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

86.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s negligent and careless actions in failing to maintain in a safe condition the common area at the Subject Property or warn Plaintiff of the dangerous conditions, Plaintiff has suffered, and will continue to suffer, physical impairment and disfigurement.

87.     Plaintiff was not comparatively negligent in causing the dangerous condition(s), in causing himself to slip and fall, or in the resulting injuries, harms, and losses he sustained on or about the date and place set forth above.

88.     Plaintiff is entitled to interest on his compensatory damages as the legal rate pursuant to C.R.S. §13-21-101.

## FIRST CLAIM FOR RELIEF
### Statutory Premise Liability Pursuant to C.R.S. §13-21-115
### Against Defendant Joshnik, LLLP

89.     The foregoing statements and allegations are incorporated herein.

90.     On the date, time, and place set forth above, Plaintiff was a customer at the Subject Property.

91.     For purposes of C.R.S. § 13-21-115, on the date, time, and place set forth above Plaintiff was an invitee at the Subject Property.

92.     For purposes of C.R.S. § 13-21-115, on the date, time, and place set forth Defendant Joshnik, LLLP was the landowner, authorized agent, or entity in possession of the aforementioned Subject Property.

93.     For purposes of C.R.S. § 13-21-115, on the date and place set forth Joshnik, LLLP, was either the landowner, authorized agent, or entity in possession of the aforementioned Subject Property, had a duty to use reasonable care to protect persons such as Plaintiff against dangers of

which it actually knew or should have known of, and to carry on activities in a reasonably safe manner.

94.     Defendant Joshnik, LLLP knew, or should have known, that dangerous conditions existed at the Subject Property; namely, the existence of the accumulated snow and ice in the common aeras of the Subject Property, including at or near gas pump #1.

95.     Defendant Joshnik, LLLP knew, or should have known, that the common area of the Subject Property, including the area at or near gas pump #1, was not maintained in a safe condition on the date, time, and place set forth above.

96.     Defendant Joshnik, LLLP as the landowner, authorized agent, or entity in possession of the aforementioned Subject Property, knew or should have known of the dangerous condition(s) in the common area on the Subject Property, including the area at or near gas pump #1.

97.     Plaintiff's actions in pumping gas at gas pump #1 and washing his car windows on Subject Property, when it was not maintained in a safe condition, were foreseeable, as was Plaintiff's slip and fall and his injuries, harms, and losses that resulted on the date and place set forth above.

98.     Defendant Joshnik, LLLP had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

99.     Defendant Joshnik, LLLP failed to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

100.     Defendant Joshnik, LLLP's failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s), or warn Plaintiff of same, was a direct and proximate cause of Plaintiff slipping and falling on the date and place set forth above.

101.     Defendant Joshnik, LLLP's failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s), or warn Plaintiff of same, was a direct and proximate cause of Plaintiff's injuries, losses, and damages.

102.    As a direct and proximate result of Joshnik, LLLP's breach of the aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to: past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

103.    As a direct and proximate result of Defendant Joshnik, LLLP's breach of the aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

104.    As a direct and proximate result of Defendant Joshnik, LLLP's breach of the aforementioned duties, Plaintiff has suffered, and will continue to suffer, permanent physical impairment and disfigurement.

105.    Plaintiff was not comparatively negligent in causing the dangerous condition(s), in causing himself to slip and fall, or in the resulting injuries, harms, and losses he sustained on or about the time, date, and place set forth above.

### SECOND CLAIM FOR RELIEF
**Statutory Premise Liability Pursuant to C.R.S. §13-21-115 Against
Defendant Stinker Stores, Co. Inc.**

106.    The foregoing statements and allegations are incorporated herein.

107.    On the date, time, and place set forth above, Plaintiff was a customer at the Subject Property.

108.    For purposes of C.R.S. § 13-21-115, on the date, time, and place set forth above Plaintiff was an invitee at the Subject Property.

109.    For purposes of C.R.S. § 13-21-115, on the date, time, and place set forth Defendant Stinker Stores Co., Inc. was the landowner, authorized agent, or entity in possession of the

16

aforementioned Subject Property.

110.    For purposes of C.R.S. § 13-21-115, on the date and place set forth Stinker Stores Co., Inc., was either the landowner, authorized agent, or entity in possession of the aforementioned Subject Property, had a duty to use reasonable care to protect persons such as Plaintiff against dangers of which it actually knew or should have known of, and to carry on activities in a reasonably safe manner.

111.    Defendant Stinker Stores Co., Inc. knew, or should have known, that dangerous conditions existed at the Subject Property; namely, the existence of the accumulated snow and ice in the common aeras of the Subject Property, including at or near gas pump #1.

112.    Defendant Stinker Stores Co., Inc. knew, or should have known, that the common area of the Subject Property, including the area at or near gas pump #1, was not maintained in a safe condition on the date, time, and place set forth above.

113.    Defendant Stinker Stores Co., Inc. as the landowner, authorized agent, or entity in possession of the aforementioned Subject Property, knew or should have known of the dangerous condition(s) in the common area on the Subject Property, including the area at or near gas pump #1.

114.    Plaintiff's actions in pumping gas at gas pump #1 and washing his car windows on Subject Property, when it was not maintained in a safe condition, were foreseeable, as was Plaintiff's slip and fall and his injuries, harms, and losses that resulted on the date and place set forth above.

115.    Defendant Stinker Stores Co., Inc. had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

116.    Defendant Stinker Stores Co., Inc. failed to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

117.    Defendant Stinker Stores Co., Inc.'s failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s), or warn Plaintiff of same, was a direct and

proximate cause of Plaintiff slipping and falling on the date and place set forth above.

118.    Defendant Stinker Stores Co., Inc.'s failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s), or warn Plaintiff of same, was a direct and proximate cause of Plaintiff's injuries, losses, and damages.

119.    As a direct and proximate result of Stinker Stores Co., Inc.'s breach of the aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to: past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

120.    As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s breach of the aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

121.    As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s breach of the aforementioned duties, Plaintiff has suffered, and will continue to suffer, permanent physical impairment and disfigurement.

122.    Plaintiff was not comparatively negligent in causing the dangerous condition(s), in causing himself to slip and fall, or in the resulting injuries, harms, and losses he sustained on or about the time, date, and place set forth above.

### THIRD CLAIM FOR RELIEF
**Statutory Premise Liability Pursuant to C.R.S. §13-21-115 Against
Defendant Stinker Stores, Inc.**

123.    The foregoing statements and allegations are incorporated herein.

124.    On the date, time, and place set forth above, Plaintiff was a customer at the Subject Property.

125.    For purposes of C.R.S. § 13-21-115, on the date, time, and place set forth above Plaintiff was an invitee at the Subject Property.

126.    For purposes of C.R.S. § 13-21-115, on the date, time, and place set forth Defendant Stinker Stores, Inc. was the landowner, authorized agent, or entity in possession of the aforementioned Subject Property.

127.    For purposes of C.R.S. § 13-21-115, on the date and place set forth Stinker Stores, Inc., was either the landowner, authorized agent, or entity in possession of the aforementioned Subject Property, had a duty to use reasonable care to protect persons such as Plaintiff against dangers of which it actually knew or should have known of, and to carry on activities in a reasonably safe manner.

128.    Defendant Stinker Stores, Inc. knew, or should have known, that dangerous conditions existed at the Subject Property; namely, the existence of the accumulated snow and ice in the common aeras of the Subject Property, including at or near gas pump #1.

129.    Defendant Stinker Stores, Inc. knew, or should have known, that the common area of the Subject Property, including the area at or near gas pump #1, was not maintained in a safe condition on the date, time, and place set forth above.

130.    Defendant Stinker Stores, Inc. as the landowner, authorized agent, or entity in possession of the aforementioned Subject Property, knew or should have known of the dangerous condition(s) in the common area on the Subject Property, including the area at or near gas pump #1.

131.    Plaintiff's actions in pumping gas at gas pump #1 and washing his car windows on Subject Property, when it was not maintained in a safe condition, were foreseeable, as was Plaintiff's slip and fall and his injuries, harms, and losses that resulted on the date and place set forth above.

132.    Defendant Stinker Stores, Inc. had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

133.     Defendant Stinker Stores, Inc. failed to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

134.     Defendant Stinker Stores, Inc.'s failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s), or warn Plaintiff of same, was a direct and proximate cause of Plaintiff slipping and falling on the date and place set forth above.

135.     Defendant Stinker Stores, Inc.'s failure to exercise reasonable care to protect Plaintiff from the foregoing dangerous condition(s), or warn Plaintiff of same, was a direct and proximate cause of Plaintiff's injuries, losses, and damages.

136.     As a direct and proximate result of Stinker Stores, Inc.'s breach of the aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to: past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

137.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s breach of the aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

138.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s breach of the aforementioned duties, Plaintiff has suffered, and will continue to suffer, permanent physical impairment and disfigurement.

139.     Plaintiff was not comparatively negligent in causing the dangerous condition(s), in causing himself to slip and fall, or in the resulting injuries, harms, and losses he sustained on or about the time, date, and place set forth above.

**FOURTH CLAIM FOR RELIEF**
**Negligence Against Defendant Joshnik, LLLP**

140.    The foregoing statements and allegations are incorporated herein

141.    On or about the aforementioned date, time, and place, Defendant Joshnik, LLLP knew or should have known that snow had fallen prior to the Incident.

142.    On or about the aforementioned date, time, and place, Defendant Joshnik, LLLP knew or should have known that snow and ice had remained and accumulated in the common areas at the Subject Property, and specifically that accumulated snow and ice remained at or near gas pump #1 at the Subject Property.

143.    On or about the aforementioned date and place, Defendant Joshnik, LLLP knew or should have known that there was a dangerous condition at the Subject Property, namely an accumulation of ice and snow at or near gas pump #1 at the Subject Property.

144.    Plaintiff's actions in walking near gas pump #1 at the Subject Property when it was not maintained in a safe condition were foreseeable, as was Plaintiff's slip and fall and his injuries, harms, and losses that resulted on the date and place set forth above.

145.    Defendant Joshnik, LLLP had a duty to use reasonable care to remove and/or remediate the ice and snow from the common aeras of the Subject Property, including at or near gas pump #1 on the aforementioned date, time, and place.

146.    Defendant Joshnik, LLLP had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

147.    Defendant Joshnik, LLLP breached its aforementioned duties by failing to remove and/or remediate the ice and snow from the common area of the Subject Property, including at or near gas pump #1 on the aforementioned date, time, and place.

148.    Defendant Joshnik, LLLP's breaches of its aforementioned duties were a direct and proximate cause of Plaintiff slipping and falling on the date, time, and place aforementioned.

21

149.    Defendant Joshnik, LLLP's breaches of its aforementioned duties were a direct and proximate cause of Plaintiff incurring injuries, losses, and damages.

150.    As a direct and proximate result of Defendant Joshnik, LLLP's breaches of its aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

151.    As a direct and proximate result of Defendant Joshnik, LLLP's breaches of its aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

152.    As a direct and proximate result Joshnik, LLLP's breaches of its aforementioned duties, Plaintiff has suffered, and will continue to suffer, permanent physical impairment and disfigurement.

153.    Plaintiff was not comparatively negligent in causing the dangerous conditions, in causing himself to slip and fall, or in the resulting injuries he sustained on or about the time, date, and place set forth above

### FIFTH CLAIM FOR RELIEF
### Negligence Against Defendant Stinkers Store, Co. Inc.

154.    The foregoing statements and allegations are incorporated herein

155.    On or about the aforementioned date, time, and place, Defendant Stinker Stores Co., Inc. knew or should have known that snow had fallen prior to the Incident.

156.    On or about the aforementioned date, time, and place, Defendant Stinker Stores Co., Inc. knew or should have known that snow and ice had remained and accumulated in the common areas at the Subject Property, and specifically that accumulated snow and ice remained at or near gas pump #1 at the Subject Property.

157.    On or about the aforementioned date and place, Defendant Stinker Stores Co., Inc. knew or should have known that there was a dangerous condition at the Subject Property, namely an accumulation of ice and snow at or near gas pump #1 at the Subject Property.

158.    Plaintiff's actions in walking near gas pump #1 at the Subject Property when it was not maintained in a safe condition were foreseeable, as was Plaintiff's slip and fall and his injuries, harms, and losses that resulted on the date and place set forth above.

159.    Defendant Stinker Stores Co., Inc. had a duty to use reasonable care to remove and/or remediate the ice and snow from the common aeras of the Subject Property, including at or near gas pump #1 on the aforementioned date, time, and place.

160.     Defendant Stinker Stores Co., Inc. had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

161.    Defendant Stinker Stores Co., Inc. breached its aforementioned duties by failing to remove and/or remediate the ice and snow from the common area of the Subject Property, including at or near gas pump #1 on the aforementioned date, time, and place.

162.    Defendant Stinker Stores Co., Inc.'s breaches of its aforementioned duties were a direct and proximate cause of Plaintiff slipping and falling on the date, time, and place aforementioned.

163.    Defendant Stinker Stores Co., Inc.'s breaches of its aforementioned duties were a direct and proximate cause of Plaintiff incurring injuries, losses, and damages.

164.    As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s breaches of its aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

165.     As a direct and proximate result of Defendant Stinker Stores Co., Inc.'s breaches of its aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

166.     As a direct and proximate result Stinker Stores Co., Inc.'s breaches of its aforementioned duties, Plaintiff has suffered, and will continue to suffer, permanent physical impairment and disfigurement.

167.     Plaintiff was not comparatively negligent in causing the dangerous conditions, in causing himself to slip and fall, or in the resulting injuries he sustained on or about the time, date, and place set forth above

## SIXTH CLAIM FOR RELIEF
### Negligence Against Defendant Stinkers Stores, Inc.

168.     The foregoing statements and allegations are incorporated herein

169.     On or about the aforementioned date, time, and place, Defendant Stinker Stores, Inc. knew or should have known that snow had fallen prior to the Incident.

170.     On or about the aforementioned date, time, and place, Defendant Stinker Stores, Inc. knew or should have known that snow and ice had remained and accumulated in the common areas at the Subject Property, and specifically that accumulated snow and ice remained at or near gas pump #1 at the Subject Property.

171.     On or about the aforementioned date and place, Defendant Stinker Stores, Inc. knew or should have known that there was a dangerous condition at the Subject Property, namely an accumulation of ice and snow at or near gas pump #1 at the Subject Property.

172.     Plaintiff's actions in walking near gas pump #1 at the Subject Property when it was not maintained in a safe condition were foreseeable, as was Plaintiff's slip and fall and his injuries, harms, and losses that resulted on the date and place set forth above.

173.     Defendant Stinker Stores, Inc. had a duty to use reasonable care to remove and/or remediate the ice and snow from the common aeras of the Subject Property, including at or near gas pump #1 on the aforementioned date, time, and place.

174.      Defendant Stinker Stores, Inc. had a duty to use reasonable care to protect Plaintiff against the foregoing dangerous conditions and/or warn Plaintiff of same.

175.     Defendant Stinker Stores, Inc. breached its aforementioned duties by failing to remove and/or remediate the ice and snow from the common area of the Subject Property, including at or near gas pump #1 on the aforementioned date, time, and place.

176.     Defendant Stinker Stores, Inc.'s breaches of its aforementioned duties were a direct and proximate cause of Plaintiff slipping and falling on the date, time, and place aforementioned.

177.     Defendant Stinker Stores, Inc.'s breaches of its aforementioned duties were a direct and proximate cause of Plaintiff incurring injuries, losses, and damages.

178.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s breaches of its aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, loss of household services, and impairment of earning capacity.

179.     As a direct and proximate result of Defendant Stinker Stores, Inc.'s breaches of its aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

180.     As a direct and proximate result Stinker Stores, Inc.'s breaches of its aforementioned duties, Plaintiff has suffered, and will continue to suffer, permanent physical impairment and disfigurement.

181.     Plaintiff was not comparatively negligent in causing the dangerous conditions, in causing himself to slip and fall, or in the resulting injuries he sustained on or about the time, date, and place set forth above

**WHEREFORE,** Plaintiff prays for a judgment against Defendant Joshnik, LLLP, Defendant Stinker Stores, Co. Inc., and Defendant Stinker Stores, Inc. in an amount to be determined at trial for damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement; attorney's fees; interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues.

**DATED:** November 16, 2020.

BACHUS & SCHANKER, LLC

*/s/ Corey A. Holton*
_____
Corey A. Holton, #47440
Julia Barotz, #52615
*Attorneys for Plaintiff*

Plaintiff's Address
12085 North Meridian Road
Peyton, CO 80831